# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
# Civil No. 1:21-cv-962

| | |
|---|---|
| TRAVIS DERIC COMER,<br><br>Plaintiff,<br><br>v.<br><br>CALVIN L. MCCASKILL, and<br>DUKE ENERGY CAROLINAS, LLC<br><br>Defendant. | **PETITION FOR REMOVAL** |

NOW COMES Defendant Duke Energy Carolinas, LLC ("Duke Energy" or "Duke"),[1] pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, reserving all defenses and objections, and removes the civil action captioned *Comer v. McCaskill et ano.*, filed in the Superior Court Division of the General Court of Justice of Stanly County, North Carolina, to the United States District Court for the Middle District of North Carolina, and states as follows:

## I. STATE COURT PROCEEDINGS

1. Plaintiff Travis Deric Comer ("Plaintiff") filed a Complaint in this action on November 16, 2021, in the North Carolina General Court of Justice, Superior Court Division, Stanly County (Case No. 21-CVS-877) ("State Court Action") against Duke Energy and Calvin L. McCaskill ("McCaskill" and, together with Duke Energy,

---

[1] The proper defendant is Duke Energy Progress, LLC, an affiliate of Duke Energy Carolinas, LLC, and the operator of Lake Tillery. Defendant Duke Energy will cooperate with Plaintiff to correct this misnomer.

"Defendants"). Copies of all process and pleadings filed in the State Court Action are attached hereto as **Exhibit A**.

2. In his Complaint, Plaintiff—a passenger of McCaskill's boat—claims to have suffered physical injury arising from, among other things, "conditions that were being caused by the low water conditions" on Lake Tillery. (Compl., ¶ 40.) Plaintiff asserts two claims: (1) negligence and gross negligence as to McCaskill; and, (2) negligence and gross negligence as to Duke Energy.

3. The claim against Duke Energy arises out of Duke Energy's alleged actions as the purported owner and operator of Lake Tillery and the Tillery Dam. Plaintiff alleges that Duke Energy controls the flow of water and water levels to Lake Tillery and was made aware that "its management of the dam on Lake Tillery caused dangerous conditions on Lake Tillery that posed an immediate and severe risk to boating activity, and those individuals engaging in such activity." (Compl., ¶ 36.)

## II. FEDERAL JURISDICTION

4. Duke Energy may remove this action to federal court because (i) this action arises under federal law; (ii) removal is timely; and (iii) all other jurisdictional requirements are satisfied.

### a. The Court Has Original, Federal Question Jurisdiction Over this Action.

5. Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A

defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).

6. Here, Plaintiff's claims are properly removed to this Court because they necessarily confront federal matters arising from the Federal Power Act ("FPA"), 16 U.S.C. § 791a, *et seq.*, as well as Federal Energy Regulatory Commission ("FERC") regulations, rulings, and licenses. Indeed Plaintiff's claims challenge Duke Energy's operation of Lake Tillery and the Tillery Dam. (*See* Compl., ¶¶ 36–55.) Lake Tillery and the Tillery Dam are part of the Yadkin-Pee Dee Hydroelectric Project and operated under FERC Project License No. 2206, which is expressly subject to the FPA—i.e., incorporated by reference into this license—and subject to regulations issued by FERC under the FPA. *See* FERC Order Issuing New License, 151 FERC ¶ 62,004, 2015 WL 1566344 (Apr. 1, 2015).

7. Pursuant to the FPA, FERC is authorized to issue licenses for "the purpose of constructing, **operating**, and maintaining" projects "necessary or convenient . . . for the development, transmission, **and utilization of power across**, along, from, or in any of the streams or **other bodies of water over which Congress has jurisdiction**." 16 U.S.C. § 797(e) (emphasis added); *see also* FED. ENERGY REGULATORY COMM'N, HYDROPOWER LICENSING—GET INVOLVED, at 4, *available at* https://www.ferc.gov/resources/guides/hydropower/hydro-guide.pdf (last visited Dec. 20, 2021) (noting that Congress tasked FERC with determining which non-federal hydropower projects should be approved, issuing licenses and permits, and enforcing such licenses and permits).

3

121856051

Case 1:21-cv-00962-LCB-JEP   Document 1   Filed 12/20/21   Page 3 of 13

8. Section 10(a)(1) of the FPA requires licenses to be issued to projects determined to be "best adapted to **a comprehensive plan for** improving or developing a waterway or waterways for the use or benefit of interstate or foreign commerce, **for the improvement and utilization of water-power development**, for the adequate protection, mitigation, and enhancement of fish and wildlife (including related spawning grounds and habitat), and for **other beneficial public uses, including** irrigation, **flood control, water supply**, and **recreational** and other purposes . . . ." 16 U.S.C. § 803(a)(1) (emphasis added).

9. Critically, the FPA grants federal courts exclusive jurisdiction over violations of the FPA or related rules, regulations, or orders:

> The District Courts of the United States, and the United States courts of any Territory or other place subject to the jurisdiction of the United States shall have exclusive jurisdiction of violations of this chapter [i.e., the FPA] or the rules, regulations, and orders thereunder and of all suits in equity and actions at law brought to enforce any liability or duty created by, or to enjoin any violation of, this chapter or any rule, regulation, or order thereunder . . . .

16 U.S.C. § 825p; *see also California v. FERC*, 495 U.S. 490, 499–500 (1990) (concluding that the FPA "establishes a broad and paramount federal regulatory role" and is part of "a highly complex and long-enduring regulatory regime, implicating considerable reliance interests of licensees and other participants in the regulatory process").

10. In this action, Plaintiff alleges:

By the specific and direct actions of Duke Energy of releasing excessive amounts of water from the dam, even after being expressly warned of the dangers caused by these actions, Duke Energy continued to 'intentionally create the dangerous conditions on the Lake. These intentional acts by Duke Energy were a direct and proximate cause of the accident and Plaintiffs resulting damages, upon information and belief.

4

(Compl., ¶ 45.)

11. Put another way, the crux of Plaintiff's claim arises from Duke Energy's "management of the dam on Lake Tillery" (Compl., ¶ 36) and "lowering the water level through operation of the dam; thus, continuing to cause the artificial dangerous condition." (*Id.*, ¶ 40.)

12. As noted above, the FERC Order expressly provides that Duke Energy Progress, Inc.'s "license is subject to the terms and conditions of the Federal Power Act (FPA), which is incorporated by reference as part of this license, and subject to the regulations the Commission issues under the provisions of the FPA." 2015 WL 1566344 at *45.

13. Consistent with the FPA, the FERC Order issuing Duke Energy's License sets forth a comprehensive framework of criteria and standards for Duke's operation of Lake Tillery and the Tillery Dam. For example:

> To enhance aquatic habitat downstream from Tillery Dam, **Duke Energy proposes to provide a minimum flow** at the Tillery development . . . . To enhance spawning conditions for American shad, Duke Energy further **proposes to increase flows from Tillery to a minimum flow** . . . .

2015 WL 1566344 at *4–5 (emphasis added).

> To enhance recreational boating downstream from the Tillery development, **Duke Energy proposes to release 1,750 acre-feet of water per year, above and beyond the proposed minimum flows** mentioned above . . . . The volume of water can be increased to 1,950 acre-feet if releases for recreational purposes are made for at least four days between May 16 and May 31, or between September 1 and September 15. . . . **Duke Energy would manage the recreation flow releases** through a Recreational Release Plan to be developed in coordination with North Carolina DENR and North Carolina WRC . . . .

5

121856051

Case 1:21-cv-00962-LCB-JEP   Document 1   Filed 12/20/21   Page 5 of 13

> To protect water quality and aquatic resources in the Pee Dee River, **Duke Energy proposes to release minimum flows from Tillery Dam** so as not to draw high temperature surface water from Lake Tillery . . . .
>
> To monitor flow releases from Tillery Dam, Duke Energy proposes to install and maintain a continuous flow monitoring gage downstream from the Tillery development . . . .

2015 WL 1566344 at *5–6 (emphasis added).

14. Notably for purposes of this lawsuit, the FERC License also dictates the minimum and maximum water levels of Lake Tillery, (*id.* at *7), and requires Duke Energy to submit incident reports relating to certain deviations from these levels, (*id.* at *72).

15. The License further requires providing information to the public regarding, for example, reservoir levels and flow release schedules via Duke Energy's website and a toll-free telephone number. (*Id.* at *55.) Additionally, the License addresses the "Relationship Between this LIP ["Low Inflow Protocol"] and Maintenance and Emergency Plans" (*see id.* at *89), which outline certain emergency, maintenance, or other abnormal conditions, including temporary modifications to Required Minimum Instream Flow releases.

16. Thus, the terms of Duke Energy's FERC License and related federal law govern Duke Energy's purported management of the water levels of Lake Tillery—the very premise of Plaintiff's claim against Duke Energy. Put another way, Duke Energy's duties and responsibilities with respect to the management of hydroelectric dams and water levels at Lake Tillery and the Tillery Dam (including water level and flow), are governed by federal law because the FERC License authorizes operation of the Tillery Dam and water

flow from Lake Tillery.  As a result, the Court has original jurisdiction over this action because Plaintiff's claims arise under the FPA and rules, regulations, and orders thereunder, including the FERC License for Lake Tillery and the Tillery Dam.

17. This is because, "federal jurisdiction over a state law claim will lie if a federal issue is (1) **necessarily raised**, (2) **actually disputed**, (3) **substantial**, and (4) **capable of resolution** in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 133 S. Ct. 1059, 1065 (2013) (citing *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)) (emphasis added). Each of these elements is satisfied here.

    i.    <u>Federal Issues Are Necessarily Raised</u>

18. First, Plaintiff's claim necessarily raises federal issues.  Under North Carolina law, a claimant must establish a duty of care to maintain a cause of action for negligence. *McClease v. Dover Volunteer Fire Dep't*, 260 N.C. App. 81, 85 817 S.E.2d 604, 608–09 (2018).  And, as noted above, the crux of Plaintiff's claim is the theory that Duke Energy "had a duty to exercise ordinary care to maintain the dam, Lake, and shoreline in a reasonably safe condition." (Compl., ¶ 48.)

19. However, federal courts have held that the FPA and FERC, through the issuance of a license, set the appropriate duty of care for FERC-licensed dam operators. *See, e.g.*, *Simmons v. Sabine River Auth.*, 732 F.3d 469, 476 (5th Cir. 2013) (concluding that property owners' negligence claims against a dam operator were preempted by the FPA and noting that "FERC, not state tort law, must set the appropriate duty of care for dam operators"); *PPL EnergyPlus, LLC v. Nazarian*, 753 F.3d 467, 476 (4th Cir. 2014), *aff'd sub*

7

121856051

Case 1:21-cv-00962-LCB-JEP   Document 1   Filed 12/20/21   Page 7 of 13

*nom. Hughes v. Talen Energy Mktg., LLC*, 578 U.S. 150 (2016) ("[S]tates are barred from relying on mere formal distinctions in an attempt to evade preemption and regulate matters within FERC's exclusive jurisdiction);[2] 16 U.S.C. § 803(c) ("[T]he licensee . . . shall conform to such rules and regulations as the Commission may from time to time prescribe."); *Carrington v. City of Tacoma, Dep't of Pub. Utilities, Light Div.*, 276 F. Supp. 3d 1035, 1041 (W.D. Wash. 2017) ("Plaintiffs' negligence claim necessarily raises a federal question because [the dam operator's] FERC license established the applicable duty of care."). So, even though Plaintiff couches his claims in negligence terms, the Complaint's allegations involve and directly challenge Duke Energy's compliance with the terms of its FERC license, the FPA, and related rules, regulations, and orders. In other words, the reasonableness of Duke Energy's conduct can only be understood and assessed by evaluating the FPA and attendant rules and regulations and the FERC Order. *See Sherr v. S.C. Elec. & Gas Co.*, 180 F. Supp. 3d 407, 417 (D.S.C. 2016) ("A federal issue is 'necessarily raised' when a court must apply federal law to the facts of the plaintiff's case.") (citation omitted); *see also Ehmann v. Duke Energy Carolinas, LLC, et al.*, No. 3:19-cv-00311-RJC-DSC, 2020 WL 958909, at *1 (W.D.N.C. Feb. 27, 2020) (granting Duke Energy's motion to dismiss claims by an owner of property bordering a lake in a case that was removed to the W.D.N.C. on federal question grounds in light of the FPA and Duke Energy's FERC License for the Project).

---

[2] Similarly, the Complaint's omission of any reference to the FPA or FERC does not bar removal. *See Snyder v. SCE&G & the Cty. of Lexington, SC*, No. 3:15-CV-04926-JMC, 2016 WL 1604637, at *5 (D.S.C. Apr. 22, 2016) ("Plaintiffs' attempt to avoid reference to federal law through artful pleading is not compelling since the FERC set[s] the appropriate duty of care for dam operators.") (internal citations and quotations omitted)

8

ii. The Federal Issues Are Actually Disputed

20. Second, the federal issues raised by Plaintiff's negligence claim are actually disputed because Duke Energy denies Plaintiff's assertions that Duke Energy breached a standard of care owed to him or is liable for any damages sustained by Plaintiff.

21. Accordingly, Duke will raise these defenses in its Answer and Affirmative Defenses to Plaintiff's Complaint which will be timely filed.

iii. The Federal Issues Are Substantial

22. Third, the federal issues raised by Plaintiff's negligence claim are substantial. The FPA is designed as "a complete scheme of natural regulation which would promote the comprehensive development of the water resources of the Nation . . . instead of the piecemeal, restrictive, negative approach of . . . other federal laws previously enacted." *First Iowa Hydro-Elec. Co-op v. Fed. Power Comm'n*, 328 U.S. 152, 180 (1946). As demonstrated by the Project's current 40-year License, the government and licensees have a "strong interest" in the interpretation of the FERC License and the FPA's regulatory scheme. *See Grable*, 545 U.S. at 315.

23. "The meaning of a FERC license is a substantial and important issue of federal law that sensibly belongs in a federal court." *VA Timberline, LLC v. Appalachian Power Co.*, No. CIV.A 4:06-CV-00026, 2006 WL 1993557, at *2 (W.D. Va. July 13, 2006) (citation and quotation marks omitted); *see also Pressl v. Appalachian Power Co.*, 137 F. Supp. 3d 900, 908–09 (W.D. Va. 2016) (finding the interpretation of FERC requirements to be "substantial, in order to ensure that FERC's Congressionally mandated purpose under the FPA is not diverted and the FERC orders under the project remain consistent and uniform"); *Snyder*,

9

2016 WL 1604637, at *8 ("[B]ecause Plaintiffs' negligence claim against SCE&G involves substantial federal issues under the FPA as it relates to the FERC, the court concludes that it has original jurisdiction over this action under 28 U.S.C. § 1331 and exclusive jurisdiction pursuant to 16 U.S.C. § 825p."). Federal district courts have considered this issue in the context of a downstream property owner's negligence claim against a FERC-licensed dam operator and concluded that the issues were deserving of federal jurisdiction. *See, e.g.*, *Funderburk v. S.C. Elec. & Gas Co.*, 179 F. Supp. 3d 569, 580 (D.S.C. 2016) (concluding that "the federal issues at stake in the matter are substantial" and therefore deserving of federal jurisdiction); *Carrington*, 276 F. Supp. 3d at 1042.

   iv. <u>The Federal Issues Are Capable of Resolution in Federal Court Without Disrupting the Federal-State Balance</u>

  24. Fourth, because exercising jurisdiction over these claims would not "herald[] a potentially enormous shift of traditionally state cases into federal courts," it will not disrupt the federal-state balance approved by Congress. *See Grable*, 545 U.S. at 319. The interpretation of FERC rules, regulations, and orders issued under the FPA and the duty of care established by Duke Energy's FERC License should not be litigated in state courts. "Rather, the fact that the FPA includes section 825p, which provides federal courts 'exclusive jurisdiction' over cases involving the FPA, demonstrates that Congress affirmatively sought to provide a federal forum for cases like this one." *Funderburk*, 179 F. Supp. 3d at 581; *see also Carrington*, 276 F. Supp. 3d at 1042 ("The FPA provides no evidence that Congress intended these issues to be litigated in state courts. Conversely, the fact that the FPA's judicial review provisions both vest the federal courts with 'exclusive

10

jurisdiction' evidences Congress' intent to resolve such disputes in a federal forum." (citing 16 U.S.C. §§ 825l(b), 825p)).

25. Thus, Plaintiff's claim against Duke Energy arises under the FPA and necessarily raises a question of federal law. As a result, this Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, and the case is removable under 16 U.S.C. § 825p and 28 U.S.C. § 1441(a).

### b. The Other Requirements for Removal Have Been Satisfied.

26. Because Plaintiff filed the State Court Action in Stanly County, North Carolina, the State Court Action is properly removed to this Court, which is located in the district and division where the State Court Action was pending. *See* 28 U.S.C. § 1446(a).

27. As required by 28 U.S.C. § 1446(d), Duke Energy will promptly give written notice of this Notice of Removal to Plaintiff and file a copy of such notice with the Clerk of the North Carolina Superior Court for Mecklenburg County. A true and accurate copy of this to-be-filed Notice of Filing of Notice of Removal (without referenced exhibit) is attached as **Exhibit B** and incorporated by reference.

28. All other procedural and statutory requirements for removal have been satisfied.

29. By removing the State Court Action to this Court, Duke Energy does not waive any rights, defenses, objections, or motions available to it under state or federal law. Duke Energy expressly reserves the right to move for dismissal of Plaintiff's claim pursuant to Rule 12.

**WHEREFORE**, based on the foregoing, Duke Energy respectfully removes the State Court Action from the North Carolina Superior Court for Stanly County to the United States District Court for the Middle District of North Carolina.

This the 20th day of December, 2021

/s/ Mackenzie L. Willow-Johnson
Kiran H. Mehta (N.C. Bar # 11011)
kiran.mehta@troutman.com
Victoria A. Alvarez (N.C. Bar # 54088)
victoria.alvarez@troutman.com
Mackenzie L. Willow-Johnson (N.C. Bar #52463)
mackenzie.willow-johnson@troutman.com
**TROUTMAN PEPPER HAMILTON SANDERS LLP**
301 S. College Street, Suite 3400
Charlotte, NC 28202
Telephone: (704) 998-4050
Facsimile: (704) 998-4051

*Attorneys for Defendant Duke Energy Carolinas, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of December, 2021, I will send the foregoing via e-mail and U.S. mail to the below parties:

Wesley A. Collins
1107 Bridges Street
Morehead City, North Carolina 28557
Telephone: 252-726-9050
Facsimile: 252-727-0055
Email: wcollins@harvellandcollins.com
Email: input@harvellandcollins.com

Calvin L. McCaskill
3 Willow Court
Thomasville, North Carolina 27360

/s/ Mackenzie L. Willow-Johnson
Mackenzie L. Willow Johnson
(N.C. Bar # 52463)

13

121856051

Case 1:21-cv-00962-LCB-JEP   Document 1   Filed 12/20/21   Page 13 of 13