# EXHIBIT A

| STATE OF NORTH CAROLINA | File No. 21 CVS 877 |
|---|---|
| Stanly County | In The General Court Of Justice<br>☐ District  ☒ Superior Court Division |

| Name Of Plaintiff |
|---|
| Travis Deric Comer |
| **Address** |
| c/o Harvell and Collins, P.A. 1107 Bridges Street |
| **City, State, Zip** |
| Morehead City NC 28557 |

**VERSUS**

**CIVIL SUMMONS**
☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE)

G.S. 1A-1, Rules 3 and 4

| Name Of Defendant(s) |
|---|
| Calvin L. McCaskill and Duke Energy Carolinas, LLC |

Date Original Summons Issued

Date(s) Subsequent Summons(es) Issued

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| Calvin L. McCaskill<br>3 Willow Court<br>Thomasville, North Carolina 27360-9260 | Duke Energy Carolinas, LLC<br>c/o Registered Agent, CT Corporation System<br>160 Mine Lake Court, Suite 200<br>Raleigh  NC  27615 |

⚠️ **IMPORTANT! You have been sued!** These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!

**¡IMPORTANTE! ¡Se ha entablado un proceso civil en su contra!** Estos papeles son documentos legales. **¡NO TIRE estos papeles!**
Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and
2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff) | Date Issued | Time |
|---|---|---|
| Wesley A. Collins<br>Harvell and Collins, P.A.<br>1107 Bridges Street<br>Morehead City  NC  28557 | 11-16-2021 | 12:10  ☐ AM  ☒ PM |
| | Signature: Balinda Clay | |
| | ☐ Deputy CSC  ☒ Assistant CSC  ☐ Clerk Of Superior Court | |

| ☐ **ENDORSEMENT (ASSESS FEE)**<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Date Of Endorsement | Time<br>☐ AM  ☐ PM |
|---|---|---|
| | Signature | |
| | ☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court | |

**NOTE TO PARTIES:** Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.

(Over)

AOC-CV-100, Rev. 4/18
© 2018 Administrative Office of the Courts

Case 1:21-cv-00962-LCB-JEP   Document 1-1   Filed 12/20/21   Page 2 of 18

| | RETURN OF SERVICE | |
|---|---|---|

I certify that this Summons and a copy of the complaint were received and served as follows:

## DEFENDANT 1

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|
| | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

## DEFENDANT 2

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|
| | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 4/18
© 2018 Administrative Office of the Courts

STATE OF NORTH CAROLINA                    IN THE GENERAL COURT OF JUSTICE
                                           SUPERIOR COURT DIVISION
COUNTY OF STANLY                           FILE NUMBER: 21 CVS 877

TRAVIS DERIC COMER,                    )
                                       )
        Plaintiff,                     )
                                       )
v.                                     )        **VERIFIED COMPLAINT**
                                       )           (Jury Demanded)
CALVIN L. MCCASKILL, and               )
DUKE ENERGY CAROLINAS, LLC             )
                                       )
        Defendant.                     )
_____)

   NOW COMES Plaintiff, TRAVIS DERIC COMER, by and through the undersigned counsel, and complaining of Defendants as follows:

   1. Plaintiff TRAVIS DERIC COMER (hereinafter "Plaintiff") is a citizen and resident of Randolph County, North Carolina.

   2. Defendant CALVIN L. MCCASKILL (hereinafter "McCaskill") is a citizen and resident of Davidson County, North Carolina, upon information and belief.

   3. Defendant Duke Energy Carolinas, LLC, (hereinafter "Duke Energy") is a limited liability company dually organized and existing under the laws of the State of North Carolina with its principal place of business in Charlotte, North Carolina. Duke Energy transacts business across the state of North Carolina, including Stanly County.

   4. This Court has jurisdiction over the subject matter of this action, as well as over the parties hereto.

   5. Venue is proper in Stanly County, North Carolina.

### FACTUAL BACKGROUND

   6. On August 14, 2020, Plaintiff was a passenger in a 20' skeeter limited edition FX20

Bass Boat with a 250 HP Yamaha Outboard owned by McCaskill (hereinafter "vessel").

7. Plaintiff and Defendant were fishing in a Bass Tournament on Lake Tillery, Stanly County, North Carolina on the night of August 14, 2020.

8. Upon information, Lake Tillery is a reservoir between Falls Reservoir and Blewett Falls Lake in the Uwharrie Lakes Region of North Carolina. It is entirely within Stanly County and Montgomery County, North Carolina. Tillery Dam was constructed in 1928 as an 87-megawatt hydroelectric facility now owned and operated by Duke Energy.

9. In addition, upon information and belief, Duke Energy likewise owns and is responsible to maintain the Lake and the shoreline surrounding the locations relevant hereto.

10. Upon information and belief, at all times relevant to this complaint, Duke Energy owned and controlled Tillery Dam and Lake Tillery.

11. Upon information and belief, the dam regulated water flow in Lake Tillery. As such, water levels rise or fall based upon dam activity and management.

12. When Duke Energy causes water levels to fall below normal levels through management of the dam, otherwise safe conditions on the Lake become dangerous as the water surface of the Lake is lowered exposing those boating on the Lake to hazards such as trees, debris, and stumps.

13. Upon information and belief, there has been a history of inadequate flows from the dam, which thereby increased exposure to lawful users of the Lake to risks, including but not limited to trees, debris and stumps.

14. On or about August 14, 2020, Defendant was driving the vessel on Lake Tillery. The vessel turned slightly to the right and began traveling in a North-Northeast direction for approximately .58 miles at 68.5 MPH before striking an obstacle in the Lake, causing the vessel

to go airborne. As a result of striking the obstacle, the vessel impacted the shoreline at a high rate of speed. Upon information and belief, this accident took place in Stanly County.

15. Plaintiff was ejected from the vessel and suffered life-altering injuries, including but not limited to serious internal injuries, multiple broken bones, and severe brain trauma.

16. On August 15, 2020, Officers located Plaintiff lying in the woods approximately 57' from where the boat came to rest. He was unconscious, eyes closed, breathing shallow, with a weak pulse, and was gurgling. Sgt. Jones and Officer Andrus decided to transport Plaintiff to Lake Tillery Fire Department. With the help of fishermen, they carried him through the woods and to the patrol boat. An ambulance then transported Plaintiff to Atrium Health Cabarrus.

17. As a result of the accident, Plaintiff was transported by ambulance and treated at Atrium Health Cabarrus and then transferred to Atrium Health Carolinas Medical Center with serious injuries.

18. Plaintiff suffered from traumatic brain injury, skull base fracture, multiple orthopedic fractures, pneumonia, bowel mesenteric hematoma, and ligament injuries. He was intubated on arrival.

19. As a result of the accident, Plaintiff had significant functional deficits in regard to cognition, mobility, and inability to conduct activities of daily living.

20. Plaintiff required rehabilitation and was transferred and flown to Shirley Ryan Ability Lab in Chicago, Illinois.

21. Plaintiff continues to suffer from the injuries sustained as a direct result of the accident.

## FIRST CLAIM FOR RELIEF: Negligence and Gross Negligence
### (AS TO DEFENDANT MCCASKILL)

22. Plaintiff realleges and incorporates herein by reference all facts and allegations contained in the paragraphs above and below as if set forth fully herein.

23. At the time of the accident, McCaskill was operating the vessel.

24. McCaskill had a duty to operate the vessel as a reasonably prudent person under the same or similar circumstances and consistent with the applicable North Carolina General Statutes.

25. McCaskill owed this duty to Plaintiff, a passenger and foreseeable plaintiff.

26. McCaskill failed to act reasonably and breached the duty of care owed to Plaintiff by driving the vessel at a high rate of speed, and in other ways which will be proven at trial.

27. McCaskill's failure to act reasonably in the operation of the vessel was a breach of his duty of reasonable care to Plaintiff.

28. McCaskill's breach of duty was an actual and proximate cause of the accident resulting in damage to Plaintiff. Plaintiff's damages include pain and suffering; permanent injury; permanent disfigurement; lost wages; loss of enjoyment; medical bills and future medical and life care expenses; special damages incident to medical treatment, such as travel expenses, diagnostics, and surgery; loss of income; and other damages which will be proven at trial.

29. McCaskill's operation of the vessel constituted conscious and intentional disregard and indifference to the rights and safety of others, including Plaintiff, and which McCaskill knew or should have known was reasonably likely to result in injury, damage, or harm to others such as Plaintiff, and entitles Plaintiff to an award of punitive damages under N.C. Gen. Stat. § 1D-15(a).

30. McCaskill's operation of the vessel as described herein was willful and wanton, and conducted in a manner with all disregard for the rights and safety of Plaintiff. Said acts were

4

needless and with indifference to the rights of Plaintiff. McCaskill acted deliberately in operating the vessel in such manner and in failing to discharge his duty to Plaintiff.

31. Upon information and belief, McCaskill was knowingly under the influence of controlled substances while operating the vessel, and was further acting willfully and wantonly in choosing to operate the vessel under such conditions.

32. For the reasons stated herein and based on the evidence that will be offered at trial, McCaskill was negligent and grossly negligent in the operation of the vessel and in the decision to operate the vessel while subject to the effects of controlled substances, upon information and belief.

33. McCaskill's gross negligence was known to him as evidenced by his untruthful statements to the investigating officers as shown in the incident report.

### SECOND CLAIM FOR RELIEF: Negligence and Gross Negligence (DUKE ENERGY)

34. Plaintiff hereby realleges and incorporates the allegations above and below as if made herein.

35. Duke Energy knew that people often boated on Lake Tillery.

36. Duke Energy knew or should have known that its management of the dam on Lake Tillery caused dangerous conditions on Lake Tillery that posed an immediate and severe risk to boating activity, and those individuals engaging in such activity.

37. Prior to, at, and after a town hall meeting that took place at the fire station located at Norwood, North Carolina, on or about May 21, 2019, Duke Energy was specifically made aware by multiple local residents that the low water levels caused by excessive amounts of water being released through the dam by Duke Energy was exposing those boating on Lake Tillery to dangerous conditions and excessive risk.

5

38. Upon information and belief, video evidence of said town hall meeting is available and reflects the repeated complaints and warnings made to Duke Energy.

39. Upon information and belief, dozens, if not hundreds, of witnesses are available to testify as to the repeated complaints and warnings made to Duke Energy.

40. Although Duke Energy was on actual notice of the dangerous conditions that were being caused by the low water conditions, Duke Energy took absolutely no action in response to these complaints and warnings, upon information and belief, but rather continued to take affirmative actions by lowering the water level through operation of the dam; thus, continuing to cause the artificial dangerous condition.

41. Duke Energy took no action to warn of the dangers caused by the low water levels, upon information and belief.

42. Duke Energy took no action to rid the Lake of the dangers caused by the low water levels, upon information and belief.

43. Duke Energy took no action to monitor the safety of the Lake although it had specific knowledge of the dangerous conditions caused by the low water levels, upon information and belief.

44. Duke Energy took no action to impose reasonable use restrictions upon those using the Lake, such as horsepower or speed restrictions, although it had specific knowledge of the dangerous conditions caused by the low water levels, upon information and belief.

45. By the specific and direct actions of Duke Energy of releasing excessive amounts of water from the dam, even after being expressly warned of the dangers caused by these actions, Duke Energy continued to intentionally create the dangerous conditions on the Lake. These

6

intentional acts by Duke Energy were a direct and proximate cause of the accident and Plaintiff's resulting damages, upon information and belief.

46. By the actions of Duke Energy, it caused the artificial condition which resulted in the boating accident.

47. Duke Energy knew or should have known of certain felled trees along the shoreline that posed risks to boaters on Lake Tillery.

48. Duke Energy had a duty to exercise ordinary care to maintain the dam, Lake, and shoreline in a reasonably safe condition.

49. Duke Energy had a duty to give adequate warnings to those lawfully on Lake Tillery about any concealed or dangerous conditions about which it knew or should have known, had it conducted a reasonable inspection.

50. Duke Energy had a duty to warn users of Lake Tillery about the dangerous conditions posed by the dam through a warning that, by placement, size, and content, would bring the existent of dangerous conditions to the attention of a reasonably prudent person.

51. Duke Energy had a duty to remove or remedy any unsafe condition that posed a risk to lawful users of the Lake, including any unsafe condition that was specifically caused by the intentional acts of Duke Energy regarding the use and management of the dam.

52. Despite knowing of the danger posed by the dam and the conditions of the shoreline, Duke Energy failed to take adequate measures to warn of said dangers, or to remove said dangers.

53. Despite knowing of the dangers posed by the dam and shoreline conditions, Duke Energy failed to use barricades, barriers, buoys, and other safety devises to prevent boaters from hitting either exposed trees under the water or felled trees from the shoreline.

54. Defendant Duke Energy was negligent, reckless, willful, and wanton in that it:

   a. Did not remove the Tillery Dam despite knowing the danger it posed to boaters;

   b. Did not modify the Tillery Dam despite knowing the danger it posed to boaters;

   c. Did not erect barriers, barricades, buoys, or other safety devices along the shoreline, despite knowing the danger posed to boaters;

   d. Failed to remove dangerous conditions existing on its property and shoreline;

   e. Did not adequately warn those using the Lake of the danger created by the dam;

   f. Did not adequately monitor water levels on Lake Tillery;

   g. Failed to impose reasonable restriction on the use of Lake Tillery;

   h. Did not observe that care and caution required of a reasonably prudent electric utility company and dam operator under the same or similar circumstances;

   i. Continued to take direct and specific actions of releasing excessive amounts of water from the dam; thus, continuing to cause the same dangerous and artificial conditions of which it was repeatedly warned by residents of the area;

   j. Was otherwise careless, negligent, reckless, willful, and wanton as shall be shown in discovery and at trial.

55. As a direct and proximate result of the negligence, recklessness, willfulness, and wantonness of Duke Energy, Plaintiff suffered conscious pain, mental suffering, and severe, life-altering, physical injuries, suffered severe emotional distress, and incurred and will incur medical expenses, and further damages that will be proven at trial.

56. Furthermore, Plaintiff was a direct invitee at all times relative hereto and was not, at any time warned of the artificial or unusual hazards described herein although Duke Energy had actual knowledge of such artificial or unusual hazards, upon information and belief.

57. Plaintiff, competing in the Bass Fishing tournament, was charged relative to the use of Lake Tillery at all times relevant hereto, upon information and belief.

58. The dues or fees charged for competition in the Bass Fishing Tournament on Lake Tillery were not paid to or for the benefit of a nonprofit or an entity operating in a nonprofit manner, upon information and belief.

59. Upon information and belief, the use of Lake Tillery for the Bass Fishing tournament was for the promotion of a commercial enterprise.

## JURY DEMAND

1. Plaintiff hereby demands a trial by jury on all issues so triable.

WHEREFORE, Plaintiff respectfully prays to the Court:

1. That Plaintiff have a trial by jury on all issues so triable; and

2. That Plaintiff have and recover against Defendants a sum in excess of $25,000.00 with interest thereon as allowed by law by reason of the negligence and gross negligence of Defendants; and

3. That Plaintiff recover punitive damages against Defendants; and

4. That the costs of this action be taxed against Defendants; and

5. For such other and further relief as the court deems just, reasonable, and proper.

This the 12 day of November, 2021.

                                          HARVELL AND COLLINS, P.A.
                                        *Attorneys for Plaintiff*

By: _____
                                        Wesley A. Collins
                                        NC State Bar Number: 29156
                                        1107 Bridges Street
                                        Morehead City, North Carolina 28557
                                        Telephone:   252.726.9050
                                        Facsimile:    252.727.0055
                                        E-Mail: wcollins@harvellandcollins.com*
                                        E-Mail: input@harvellandcollins.com**

**This email address is used to effectuate service under Rule 5 of the North Carolina Rules of Civil Procedure.

*This email address is to be used for all correspondence other than service.

## VERIFICATION

Now comes TRAVIS D. COMER, and states that he has previously read the foregoing **VERIFIED COMPLAINT (Jury Demanded)**, and that the same is true of his own knowledge, except as to those matters and things herein stated on information and belief, and as to such matters and things, he believes them to be true.

*/s/ Travis D. Comer*
TRAVIS D. COMER

STATE OF NORTH CAROLINA

COUNTY OF CARTERET

Sworn to and subscribed before me this 10 day November, 2021.

*/s/ Rebecca R. Wilson* (SEAL)
Notary Public

My Commission Expires: March 7, 2025

(Notary Seal: REBECCA R. WILSON, NOTARY PUBLIC, CARTERET COUNTY, NC)

I signed this notarial certificate on November 10, 2021, according to the emergency video notarization requirements contained in G.S. 10B-25.

Notary Public location during video notarization:

<u>Carteret County</u>

Stated physical location of principal during video notarization:

<u>Randolph County</u>

This certificate is attached to a VERIFICATION signed by Travis Deric Comer on November 10, 2021 and includes 1 page.

_____
Signature

*[Notary seal: REBECCA R. WILSON, NOTARY PUBLIC, CARTERET COUNTY, NC]*



**Service of Process Transmittal**
11/19/2021
CT Log Number 540612407

TO: Vijay Bondada, VP of Litigation
DUKE ENERGY CORPORATION
550 S TRYON ST
CHARLOTTE, NC 28202-4200

RE: **Process Served in North Carolina**

FOR: Duke Energy Carolinas, LLC  (Domestic State: NC)

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| TITLE OF ACTION: | Re: TRAVIS DERIC COMER // To: Duke Energy Carolinas, LLC |
| DOCUMENT(S) SERVED: | -- |
| COURT/AGENCY: | None Specified<br>Case # 21CVS877 |
| NATURE OF ACTION: | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| ON WHOM PROCESS WAS SERVED: | CT Corporation System, Raleigh, NC |
| DATE AND HOUR OF SERVICE: | By Courier on 11/19/2021 |
| JURISDICTION SERVED : | North Carolina |
| APPEARANCE OR ANSWER DUE: | None Specified |
| ATTORNEY(S) / SENDER(S): | None Specified |
| ACTION ITEMS: | CT will retain the current log<br><br>Image SOP<br><br>Email Notification,  Vijay Bondada  vijay.bondada@duke-energy.com<br><br>Email Notification,  Lynn Colombo  Lynn.Colombo@duke-energy.com<br><br>Email Notification,  Gale Whiting  Gale.Whiting@duke-energy.com<br><br>Email Notification,  Nick Goulet  nicholas.goulet@duke-energy.com |
| REGISTERED AGENT ADDRESS: | CT Corporation System<br>160 Mine Lake CT<br>Suite 200<br>Raleigh, NC 27615<br>866-665-5799<br>SouthTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

```
AMANDA P. JARVIS                    0.4 LBS LTR         1 OF 1
252-726-9050
HARVELL AND COLLINS, P.A.
1107 BRIDGES STREET
MOREHEAD CITY  NC 28557

SHIP TO:
    C/O REG AGENT, CT CORP SYSTEM
    DUKE ENERGY CAROLINAS, LLC
    SUITE 200
    160 MINE LAKE COURT
    RALEIGH  NC  27615
```



**NC 276 9-03**

## UPS NEXT DAY AIR SAVER    1P
TRACKING #: 1Z F53 898 A4 9005 2473



BILLING: P/P
ADULT SIGNATURE REQUIRED-MIN 21



XOL 21.11.24     NV45 47.0A 11/2021*



# HARVELL AND COLLINS, P.A.
ATTORNEYS AT LAW
1107 BRIDGES STREET
MOREHEAD CITY, NORTH CAROLINA 28557

TELEPHONE (252) 726-9050
FACSIMILE (252) 727-0055

November 18, 2021

VIA UPS OVERNIGHT
Duke Energy Carolinas, LLC
c/o Registered Agent, CT Corporation System
160 Mine Lake Court, Suite 200
Raleigh, North Carolina 27615

    Re: Our File Number: 21-407
         Stanly County File: 21 CVS 877
         Our Client: Travis Comer

Dear Sir or Madam:

Please find enclosed for service upon Duke Energy Carolinas, LLC a summons and complaint in the above-referenced matter.

If you have any questions or concerns, please contact this office.

Sincerely yours,

Rebecca R. Wilson
Litigation Paralegal

RRW/lr
Enclosures