IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| TRAVIS DERIC COMER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:21cv962 |
| ) | |
| CALVIN L. MCCASKILL, and ) | |
| DUKE ENERGY CAROLINAS, LLC ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

Before the Court is Plaintiff's motion to remand to state court. (ECF No. 15.) For the reasons stated below, the Court concludes that it lacks subject matter jurisdiction to entertain this matter and, therefore, remands this case to the Stanly County Superior Court for further proceedings.

**I.   BACKGROUND**

This suit arises out of a boating accident in which Plaintiff sustained multiple injuries. (ECF No. 2 ¶¶ 14–15, 17–21.) Defendant Duke Energy Carolinas, LLC ("Duke") owns and operates Lake Tillery, the Tillery Dam, and the surrounding shorelines. (*Id.* ¶¶ 8–10.) Duke, through its management of the dam, regulated the water flow in Lake Tillery. (*Id.* ¶¶ 11–12.) When the regulation of water flow results in water levels falling below normal levels, "otherwise safe conditions on the Lake become dangerous as the water surface of the Lake is lowered exposing those boating on the Lake to hazards such as trees, debris, and stumps."

(*Id.* ¶ 12.) According to Plaintiff, "there has been a history of inadequate flows from the dam." (*Id.* ¶ 13.) Duke was made aware of the low water levels and the dangers it posed for those boating by multiple local residents before, during, and after a town hall meeting on May 21, 2019. (*Id.* ¶ 37.)

On August 14, 2020, Plaintiff was fishing in a Bass Tournament on Lake Tillery on a boat owned and operated by Defendant Calvin L. McCaskill ("McCaskill"). (*Id.* ¶¶ 6–7.) While driving the boat, McCaskill struck an obstacle in the Lake, causing the boat to go airborne and impact the shoreline. (*Id.* ¶ 14.) Plaintiff was ejected from the boat and suffered a traumatic brain injury and other serious injuries. (*Id.* ¶¶ 15–21.)

Plaintiff's Complaint alleges claims of Negligence and Gross Negligence against Defendants McCaskill and Duke. (*Id.* ¶¶ 22–59.) Duke removed the action to this Court on December 20, 2021, asserting the basis of removal as federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446. (ECF No. 1 at 1.)

## II.     DISCUSSION

While Plaintiff does not, in its Memorandum In Support of its motion for remand (ECF No. 16), challenge whether this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as asserted by Defendant Duke in its Petition for Removal, because subject matter jurisdiction relates to a court's power to hear a case, the Court has an independent obligation to ensure that it is properly exercising jurisdiction over all matters that come before it. *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 480 (4th Cir. 2005). Thus, as a threshold matter, before addressing the merits of Plaintiff's motion to remand, this Court must evaluate whether it has subject matter jurisdiction.

A Defendant may remove to federal court "any civil action brought in a state court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). However, remand is required "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). The burden of establishing subject matter jurisdiction rests with the party seeking removal. *Hoschar v. Appalachian Power Co.*, 739 F.3d 163, 169 (4th Cir. 2014). The court must strictly construe its removal jurisdiction, and if jurisdiction is doubtful, remand is necessary. *Palisades Collections LLC v. Shorts*, 552 F.3d 327, 333–34 (4th Cir. 2008). Here, Duke removes this action stating that this Court has original, federal question jurisdiction over this action because it arises under federal law. (ECF No. 1 at 1–2.)

"Federal courts are courts of limited jurisdiction [and] possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). District courts have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. "A civil action can 'arise under' federal law in two ways." *Flying Pigs, LLC v. RRAJ Franchising, LLC*, 757 F.3d 177, 181 (4th Cir. 2014). "Most commonly, 'a case arises under federal law when federal law creates the cause of action asserted.'" *Id.* (quoting *Gunn v. Minton*, 568 U.S. 251, 257 (2013)). However, there is also a "slim category" of cases, *Gunn*, 568 U.S. at 258, "in which state law supplies the cause of action but federal courts have jurisdiction under § 1331 because 'the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law,'" *Burrell v. Bayer Corp.*, 918 F.3d 372, 380 (4th Cir. 2019) (quoting *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 28 (1983)). In such instances, "there must be a

3

substantial federal question that is an integral element of the plaintiff's claim for relief, not merely an ancillary federal issue or a claim that, properly analyzed, arises only under state law." 14C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3722 (Rev. 4th ed. 2020). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Here, on its face, Plaintiff's Complaint is devoid of any reference to the FPA, FERC, or any other federal law. Rather, Plaintiff appears to have only asserted claims under state law for negligence and gross negligence. (ECF No. 2 ¶¶ 22–59.) Duke in its Petition for Removal does not claim that federal law creates Plaintiff's cause of action. Rather, Duke argues that because federal law may govern an element of those claims, this case falls within the "slim category" of cases where state law supplies the cause of action, but federal courts have jurisdiction because Plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. (ECF No. 1 ¶¶ 16–25.)

To determine whether this action falls within that "slim category" of cases, the Court must apply the four-part test articulated by the Supreme Court which requires that "a federal issue [must be]: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn*, 568 U.S. at 258. All four elements must be satisfied for a court to exercise jurisdiction. *Id.* The Supreme Court cautions courts in exercising jurisdiction in this category of cases, which the Court states lie at "the outer reaches of § 1331." *Burrell*, 918 F.3d at 380 (quoting

4

*Merrell Dow Pharms. Inc. v. Thompson*, 478 U. S. 804, 810 (1986)). The Court will examine each of the factors articulated in *Gunn*.

### A. Plaintiff's Complaint does not Necessarily Raise a Federal Question.

First, for a federal question to be "necessarily raised" it must be a "'necessary element of one of the well-pleaded state claims.'" *Burrell*, 918 F.3d at 381 (quoting *Franchise Tax Bd.*, 463 U.S. at 13). "A federal question is not 'necessarily' raised under § 1331 unless it is essential to resolving a state-law claim, meaning that 'every legal theory supporting the claim requires the resolution of a federal issue.'" *Id.* at 383 (quoting *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004)). Thus, "if a claim is supported not only by a theory establishing federal subject matter jurisdiction but also by an alternative theory which would not establish such jurisdiction, then federal subject matter jurisdiction does not exist." *Mulcahey v. Columbia Organic Chems. Co., Inc.*, 29 F. 3d 148, 153 (4th Cir. 1994.)

Here, Duke argues that a federal question is necessarily raised because FERC sets the applicable duty of care for Plaintiff's negligence claims, since Plaintiff's "allegations involve and directly challenge Duke Energy's compliance with the terms of its FERC license, the FPA, and related rules, regulations, and orders." (ECF No. 1 ¶ 19.) As a result, Duke contends that the Court has exclusive jurisdiction over this action pursuant to 16 U.S.C. § 825p. This Court disagrees.

As an initial matter, Plaintiff's allegations do not challenge Duke compliance with the term of its FERC license, the FPA, or any other related rules, regulations, and orders. Rather, in his Complaint, Plaintiff asserts that Duke had the following duties: (1) "a duty to exercise ordinary care to maintain the dam, Lake, and shoreline in a reasonable safe condition," (ECF

5

No. 2 ¶ 48); (2) "a duty to give adequate warnings to those lawfully on Lake Tillery about any concealed or dangerous conditions about which it knew or should have known, had it conducted a reasonable inspection," (*Id.* ¶ 49); (3) "a duty to warn users of Lake Tillery about the dangerous conditions posed by the dam through a warning that, by placement, size, and content, would bring the existen[ce] of dangerous conditions to the attention of a reasonably prudent person," (*Id.* ¶ 50); and (4) "a duty to remove or remedy any unsafe condition that posed a risk to lawful users of the Lake, including any unsafe condition that was specifically caused by the intentional acts of Duke Energy regarding the use and management of the dam," (*Id.* ¶ 51).

Notably absent from Plaintiff's Complaint is any allegation that Duke violated any duty owed by Duke under FERC or any other federal law. Plaintiff makes no reference to Duke's FERC license or the FPA in his Complaint. Rather, Plaintiff, as the master of his complaint, appears to solely assert duties that are grounded in state law. *See Caterpillar*, 482 U.S. at 392 (The well-pleaded complaint rule "makes the plaintiff master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.") Moreover, Duke's removal was improper because it is well settled that a case may not be removed to federal court on the basis of a federal defense, "even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Id.* at 393.

Nor can Duke satisfy its burden of establishing jurisdiction through its argument that 16 U.S.C. § 825p confers exclusive jurisdiction upon this Court. Congress has granted federal courts exclusive jurisdiction over cases involving violations of the FPA under 16 U.S.C. § 825p. *See* 16 U.S.C. § 825p ("The District Courts of the United States, and the United States

6

courts of any Territory or other place subject to the jurisdiction of the United States shall have exclusive jurisdiction of violations of [the FPA] or the rules, regulations, and orders thereunder, and of all suits in equity and actions at law brought to enforce any liability or duty created by, or to enjoin any violation of, this chapter or any rule, regulation, or order thereunder."). In creating this statute, "Congress quite properly sought to provide a federal forum for cases arising directly under the FPA and FERC." *Mich. Dep't of Env't v. STS Hydropower, LLC*, No. 1:22-CV-269, 2022 WL 2390683, at *5 (W.D. Mich. July 1, 2022).

Duke argues that this Court has exclusive jurisdiction because Plaintiff challenges its maintenance and operation of the Lake which is governed by the FERC. (ECF No. 1 ¶¶ 9–16.) The Western District of Michigan recently analyzed similar arguments in *Michigan Department of Environment v. STS Hydropower, LLC*, and found that the defendants had misinterpreted the reach of 16 U.S.C. § 825p's exclusive jurisdiction provision. *Mich. Dep't of Env't*, 2022 WL 2390683, at *4. The court concluded that

> If Plaintiffs had pleaded claims under the FPA or FERC rules administering the FPA, Defendants would have a good argument under the statute. But Plaintiffs did not do that. They raised exclusively state law statutory and common law claims, and so Plaintiffs' complaint is not a lawsuit aimed at enforcing the FPA. Here, Plaintiffs are simply seeking to enforce state statutory and common law standards of care. Even if the Court must interpret or apply the FPA and FERC's regulations in the course of resolving the state law claims, that does not confer jurisdiction.

*Id.*

The Court finds the Michigan case persuasive. As in that case and as previously discussed here, Plaintiff has not pleaded claims under the FPA or FERC rules administering the FPA. Specifically, Plaintiff has neither alleged claims involving violations of, or enforcement under, the FPA or FERC rather, he asserts exclusively state law claims for

7

negligence and gross negligence against Duke. Thus, Plaintiff's claims do not arise under the FPA or FERC or any other federal law. In addition, the fact that the court may have to apply or interpret the FPA or FERC in resolving Plaintiff's negligence claims is insufficient to confer jurisdiction upon this Court. *See Merrell Dow*, 478 U.S. at 813 ("[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction.").

Nor does this Court find that the FPA completely preempts state law. *Ne. Rural Elec. Membership Corp. v. Wabash Valley Power Ass'n, Inc.*, 707 F.3d 883, 893–94 (7th Cir. 2013), *as amended* (Apr. 29, 2013) ("We agree with nearly all of the other courts that have considered the question and conclude that the Federal Power Act does not completely preempt state law."). Even though the FPA or FERC could set the applicable standard of care for resolving negligence claims, *see Sanders v. Duke Energy Carolinas, LLC*, No. 320CV00215KDBDSC, 2022 WL 282567, at *5 (W.D.N.C. Jan. 31, 2022) (finding that "the FERC license sets the operative duties, obligations, and standard of care for FERC licensees"), not *every* legal theory for Plaintiff's negligence claim requires resolving a federal issue, *see e.g.*, *Mullins v. Dominion Energy S.C. Inc.*, No. 3:21-CV-03165-SAL, 2022 WL 1498293, at *3 (D.S.C. May 12, 2022) (finding that "even if this license imposes duties on Defendant concerning the ongoing maintenance and management of Lake Murray shoreline trees, Plaintiffs' claim does not require interpretation of Defendant's FERC license or federal law because South Carolina sets forth its own duties for landowners to keep their premises safe"). Thus, Plaintiff can assert his negligence claims against Duke purely under state law. Thus, there is no basis for the applicability of the exclusive jurisdiction provision of 16 U.S.C. § 825p to this case.

Because every legal theory for resolving Plaintiff's claims does not involve a federal issue the exclusive jurisdiction provision does not apply, no federal question is "necessarily raised."

### B. A Federal Question is not Actually Disputed by the Parties.

Second, there is not a federal question that is "actually disputed" by the parties. The parties do not dispute the validity of Duke's federal license or its obligations to FERC. *See Pressl v. Appalachian Power Co.*, 842 F.3d 299, 305 (4th Cir. 2016) (finding that there was no federal question actually disputed where there was no dispute over the validity of the power company's federal license or its obligations to FERC); *Mullins*, 2022 WL 1498293, at *4 (finding that a federal question was not actually disputed where the plaintiff did not dispute the defendant's "status as a federal licensee nor the validity of its [Shoreline Management Plan]."). Rather, the dispute involves the duties Duke owed to Plaintiff under state law. (*See* ECF No. 2 ¶¶ 48–51.) Thus, no federal question is "actually disputed" by the parties.

### C. There is no Substantial Federal Question for the Court to Resolve.

Third, Plaintiff's Complaint likewise does not demonstrate that a "substantial" federal question exists to be resolved by this Court. The fact "that a plaintiff's state-law claim necessarily raises some contested federal issue" is insufficient for establishing substantiality. *Burrell*, 918 F.3d at 384; *see also Merrell Dow*, 478 U.S. at 813. A substantial federal question generally involves "the constitutionality or construction of a federal statute." *Burrell*, 918 F.3d at 385 (citation omitted). Furthermore, "a 'substantial' question generally will involve a 'pure issue of law,' rather than being 'fact-bound and situation-specific,' because the crux of what makes a question 'substantial' for § 1331 purposes is that it is 'importan[t] ... to the federal

system as a whole,' and not just to the 'particular parties in the immediate suit[.]'" *Id.* (internal citations omitted).

This case does not require the Court to resolve a substantial federal question. Assuming *arguendo*, that the Court must use FERC to determine the applicable duty of care, that alone is insufficient for establishing substantiality. There is no indication that the Court will have to engage in an analysis regarding the constitutionality or construction of FERC. Nor will this case involve a pure issue of law or a question that is important to the federal system as a whole. Rather, this case only involves a "fact-bound and situation-specific" analysis of what Duke's applicable duty was and whether it met that duty. Thus, no "substantial" federal question exists.

### D. This Action cannot be Resolved in Federal Court Without Disrupting the Federal-State Balance.

Finally, this case is not capable of resolution in federal court without disrupting the federal-state balance approved by Congress. A case disrupts the federal-state balance if exercising jurisdiction would "herald[ ] a potentially enormous shift of traditionally state cases into federal courts." *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 319 (2005). Negligence actions are traditionally state cases, and by allowing every negligence action against a FERC licensee to be brought in federal court would shift traditionally state cases into federal courts. *See Mich. Dep't of Env't*, 2022 WL 2390683, at *5 (finding that a federal court exercising jurisdiction over the plaintiff's state-law claims would "upset the balance between federal and state powers" because the defendant's theory would herald a potentially enormous shift of traditionally state cases into federal courts as it "would read the FPA as essentially

10

ensuring federal jurisdiction whenever a case touches in any way on the operations of a FERC licensed or exempt dam.").

Moreover, while a federal interest may be present in negligence cases such as the instant matter, such interest is not significant enough to allow the disruption of the federal-state balance by having a federal court decide such actions. *See e.g.*, *Pressl*, 842 F.3d at 305 (finding that because the federal interest in interpreting a flowage easement was not substantial, a federal court should not exercise jurisdiction because it would disrupt the congressionally approved federal-state balance since "State courts are just as able (perhaps more able) to interpret and enforce the property rights conveyed through instruments governed by state law."); *Mullins*, 2022 WL 1498293, at *4 ("While there is a federal interest in ensuring the effective operation of hydroelectric projects, such an interest is not undermined by resolution of this premises liability dispute in state court." (citing *Pressl*, 842 F.3d at 305)).

## III. CONCLUSION

Under 28 U.S.C. § 1331, federal question jurisdiction only exists in a case asserting state law actions "'if [the] case meets all four requirements' of the Supreme Court's four-prong standard." *Burrell*, 918 F.3d at 386 (quoting *Pressl*, 842 F.3d at 303). Because this case fails to do so, Duke has failed to meet its burden and, therefore, this Court concludes that it does not have federal question jurisdiction. Nor does the Court have exclusive jurisdiction to entertain this matter. *See Pressl*, 842 F.3d at 306 (holding that the jurisdictional test for determining whether 16 U.S.C. § 825p applies is the same test used to determine whether an action arises under federal law under 28 U.S.C. § 1331). Since this Court lacks subject matter jurisdiction to hear this action, the case must be remanded to state court. Therefore, the Court is unable

to address the specific arguments in Plaintiff's Motion to Remand, and the motion will be denied as moot.

For the reasons stated herein, the Court enters the following:

**ORDER**

IT IS THEREFORE ORDERED that because this Court lacks subject matter jurisdiction over this action, the action is REMANDED to the General Court of Justice, Superior Court Division, Stanly County, North Carolina, and Plaintiff's Motion to Remand, (ECF No. 15), is DENIED as moot.

IT IS FURTHER ORDERED that the Clerk of Court terminate this action upon remand.

This the 2nd day of August 2022.

/s/ Loretta C. Biggs<br>
United States District Judge